UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case Number:

PATRICIA KENNEDY, :
Individually, :
 :
      Plaintiff, :
v. :
 :
MILITARY KELMAR, LLC., a Florida Limited :
Liability Company, and SOUTH MILL FOOD :
AND BEVERAGE, INC., d/b/a E-Z Pick Food :
Store, a Florida For Profit Corporation., :
 :
      Defendant(s). :
_____ /

## **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her own behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sues the Defendants, MILITARY KELMAR, LLC, a Florida Limited Liability Company, and SOUTH MILL FOOD AND BEVERAGE, INC., d/b/a E-Z PICK Food Store, a Florida For Profit Corporation, (sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and Florida Accessibility Code ("FAC").

1.    Defendants' property is located at 1267 S. Military Trail, West Palm Beach, Florida 33415 in the County of Palm Beach.

1

2. Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendants' property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.   See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff, Patricia Kennedy, is *sui juris*, is a Florida resident, and qualifies as an individual with a disability as defined by the ADA. Plaintiff suffers from permanent immobility in her legs, and requires the use of a wheelchair to ambulate at all times. Plaintiff further has limited use of her hands and cannot operate any mechanisms, which require tight grasping or twisting of the wrist.

5. On July 21, 2015, Plaintiff visited the commercial property, which forms the basis of this lawsuit and plans to return to the commercial property to avail herself of the goods and services offered to the public, and to determine whether the commercial property has been made ADA compliant.

6. Defendant, MILITARY KELMAR, LLC,   own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is referred to as the "commercial facility".

7. Defendant, SOUTH MILL FOOD AND BEVERAGE, INC., d/b/a E-Z PICK Food Store., own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA

and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is referred to as the "place of public accommodation".

8.      Plaintiff encountered or has personal knowledge of architectural barriers located at the subject commercial facility and the place of public accommodation identified herein, which discriminate against her on the basis of her disability.

9.      Some of the violations present at Defendants' commercial facility and place of public accommodation create a hazard to Plaintiff's safety.

10.     At all times relevant herein, Plaintiff is aware of the violations at the subject commercial facility and place of public accommodation, and is aware that it would be a futile gesture to return, as long as those violations described in paragraph 16 continue to exist, unless she is willing to suffer additional discrimination.

11.     The violations present at the subject commercial facility and place of public accommodation infringe on the Plaintiff's right to travel free of discrimination, or use the public restroom in a dignitary fashion without the need to call for assistance. Other violations can cause the Plaintiff to suffer burns or scratches to her thighs and legs.

12.     Plaintiff has suffered, and continuous to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Defendants' commercial facility and place of public accommodation. By continuing to operate in such a fashion, the Defendants contribute to Plaintiff's sense of isolation and segregation and deprive her the full and equal enjoyment of the goods, services facilities, privileges and/or accommodations available to the general public. By

encountering the discriminatory conditions at Defendants' commercial facility and places of public accommodations, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining the commercial facility and places of public accommodations with violations, Defendants deprive Plaintiff the equal enjoyment of the commercial facility and places of public accommodations offered to the general public.

13. Plaintiff has suffered and will continue to suffer a direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to this property, as described but not necessarily limited to the allegations in paragraph 16 of Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the commercial facility and place of public accommodation not only to avail herself of the goods and services available therein, but to assure herself that the commercial facility and place of public accommodation are in compliance with the ADA so that she, and others similarly situated will have the full and equal enjoyment of the commercial facility and place of public accommodation without fear of discrimination.

15. The Defendants are discriminating against the individual Plaintiff by denying her access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 *et seq*.

16.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist.  These violations include, but are not limited to:

   a. Defendant, Military Kelmar, LLC, fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

   b. Defendant, Military Kelmar, LLC, and fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

   c. The parking lot at the commercial facility, lacks of compliant accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, has non-compliant changes in levels, improper door thresholds, inaccessible doorways, excessive slopes, non-compliant curb approaches, narrow passageways, obstructions, and narrow doorways.

   d. At the commercial facility, there is an insufficient number of complaint parking spaces and access aisles, with excessive slopes, with missing signage.

   e. Defendant, South Mill Food and Beverage, Inc., fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

   f. At the place of public accommodation, identified as the E-Z Pick Food Store there are non-compliant restrooms, with inaccessible commodes, flush controls located on the wrong side of the toilet, missing grab bars, lack of compliant grab bars, inaccessible sinks, improperly located amenities, non-compliant doorways, improper door hardware, improper sink hardware, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off, insufficient door clearance, and insufficient maneuvering, in part caused by objects that create an obstructions.

17.     The discriminatory violations described in paragraph 16(a)-(f) are not an exclusive list of the Defendants' ADA violations.

18.     The violations are readily achievable and can be corrected by the Defendants.

19. Plaintiff requires the inspection of the Defendants' commercial facility and place of public accommodation identified herein, in order to photograph and measure all of the discriminatory acts violating the ADA, and all of the barriers to access therein. The individual Plaintiff, the members of the Plaintiff's group, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' commercial facility and place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*

21. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiff is without adequate remedy at law, and is suffering irreparable harm. Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505. access.

23. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to Defendants' commercial facility and place(s) of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

24. Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

25. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by

the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 22, 2015                                              Respectfully Submitted,

                                                                   By: /s/ Camilo F. Ortega
                                                                   Camilo F. Ortega, Esq.,

                (Florida Bar No: 75387)
                Of Counsel to the Law Offices of
                Thomas B. Bacon Law
                **THE LAW CENTER**
                1888 NW 7 Street
                Miami, FL 33125
                Phone: (786)-452-9709
                Fax: (305)-643-3334
                E-Mail: camilo@thomasbaconlaw.com
                Counsel for the Plaintiff

                By:_____
                Thomas B. Bacon, Esq
                Thomas B. Bacon, P.A
                4868 S.W. 103rd Ave.
                Cooper City, Florida, 33328
                Tel: (954) 478-7811
                Fax: (954) 237-1990
                E-Mail: tbb@thomasbaconlaw.com
                Counsel for Plaintiff